JOHN T. RAFTERY, EXR., *vs.* MARY MONAHAN *et al.*

PROVIDENCE—APRIL 1, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Wills. Mortgages.*

A testamentary devise gave an undivided fourth part of a testator's estate
to X. At the time of making the will, as well as at his death, the estate
was subject to a mortgage. It further provided for the payment of
"all expenses, bequests, and charges against the estate" from another
source. It appeared that there was sufficient personal estate, taken in
connection with the proceeds from this other source, to pay all debts and
legacies. By permission of the municipal court and of X. the executor
sold the real estate :—

*Held,* that X. was entitled to the devise exonerated from the mortgage.

*Held,* further, that X. should pay his proportional part of the expenses of
the estate prior to and incident to the sale.

BILL IN EQUITY for the construction of a will. The facts
are fully stated in the opinion.

TILLINGHAST, J. This is a bill for the construction of the
will of Bernard Murphy, and also of that of his wife Ellen
Murphy.

The material facts in the case are these : Bernard Murphy
died on May 11, 1892, leaving a last will and testament,
whereby he made disposition of certain estate as follows :

"Fourth. I give and devise to my wife Ellen Murphy—
the estate on Gesler street, in said city of Providence, on
which we now live, to have and to hold the same for and
during her natural life, and I direct that she keep the same
in good repair.

"Fifth. I direct that my executrix hereinafter named
shall, as soon as practicable after my decease, sell the estate
on Acorn street and West Exchange street, in said city of
Providence, and shall pay from the proceeds of said sales all
expenses, bequests, and charges against the estate, and the
balance shall invest in such way as to her shall seem safest
and best.

"Sixth. I give, devise, and bequeath the income of said sum and all the rest, remainder and residue of my property and estate, real, personal, and mixed, and of every name, nature, and description, and wherever the same may be situated, to my wife Ellen Murphy, to have and to hold the same, and the rents, profits, and income of said residue—and so much of said sum and the principal of said residue as may be necessary for her maintenance and support for and during the term of her natural life.

"Seventh. After the decease of my wife Ellen Murphy, I give, devise, and bequeath one-half of my property and estate to whomever and to whatever use my wife Ellen Murphy shall by her last will and testament nominate and appoint; the other half of my property and estate which is left I give, devise, and bequeath to my four nieces equally, viz.: Mary Monahan, daughter of Thomas Monahan; Isabella McCaffrey, daughter of John McCaffrey; Margaret Murphy, daughter of Michael Murphy; and Isabella Murphy, daughter of Francis Murphy.

"Eighth. Should one or more of my said nieces die before my wife, then I give, devise, and bequeath her share or their shares, after the death of my said wife, to the survivors or survivor of them."

At the time of the making of said will, the testator and his wife were jointly seized and possessed of the Gesler street estate referred to in his will, and they continued to thus own the same down to the time of his death.

Ellen Murphy deceased on November 28, 1899, leaving a last will and testament, wherein she devised to Mary Raftery, Esther Coughlin, Margaret Ferguson, Catherine Muldoon, and John Coughlin that part of said real estate over which she had the power of appointment as aforesaid, and also the half part thereof which belonged to her.

At the time of the decease of Bernard Murphy, said real estate was subject to a mortgage, the amount of which, as alleged in the bill, was $1,000 (but the answer leaves the amount thereof to be proved), which mortgage was given by said Bernard and Ellen, his wife, on May 8, 1888, to secure a

promissory note of said Bernard for the sum of $1,000. Said mortgage was outstanding as an incumbrance on the estate in question at the time of the decease of said Ellen Murphy, and on the —— day of July, 1900, the complainant, who is the executor of the will of said Ellen, by permission of the Municipal Court, and also by permission of the respondents, sold said estate and received therefor $3,187.50.

The proceeds of the sale of the estates referred to in the fifth clause of the will of Bernard Murphy, together with the personal estate left by him at the time of his decease, were sufficient to pay all debts and legacies; and it is agreed by counsel that they are, in fact, all paid, with the exception of the mortgage debt aforesaid.

The first and principal question presented for our decision under the pleadings in this case is whether the respondents Mary Monahan, Isabella McCaffrey, Margaret Murphy, and Isabella Murphy take the real estate which was devised to them by said Bernard Murphy—that is, one undivided one-fourth part of the Gesler street estate—exonerated from the mortgage to which it was subject at the time of his death.

The second and minor question presented for decision is whether said respondents shall pay their proportional part of the expenses of the estate after the death of Ellen Murphy, and also their proportional part of the expenses incident to the aforesaid sale thereof.

(1)    We think the first question must be answered in the affirmative.

It is a well-settled rule of law that the personal estate of a testator or intestate is the primary and natural fund for the payment of debts, of whatever kind, contracted by the testator or intestate, and also for the payment of legacies. *Potter* v. *Brown*, 11 R. I. p. 234; *Calder* v. *Curry*, 17 R. I. p. 613. "And this rule is not changed by the fact that any such debt is secured by mortgage upon the estate devised." *Gould* v. *Winthrop*, 5 R. I. 319. It is also well settled that a devisee is entitled to the estate devised to him exonerated from any incumbrance placed thereon by the testator, whether before or after the execution of the will, unless a

clear intention appears in the will that the devisee shall take *cum onere.*   2 Jarman on Wills, 6 ed. *1443.   In the will now under consideration it not only does not appear that the testator intended that the devisees should take the estate burdened with the mortgage aforesaid, but on the contrary it expressly appears that he intended to relieve the devise therefrom, as he provided for the payment of "all expenses, bequests, and charges against the estate" from another source, namely, from the sale of the estate on Acorn street, and that on West Exchange street, in the city of Providence.   And as it appears that there was sufficient personal estate, taken in connection with the proceeds of the sale of the land so designated, to pay all debts and legacies, it is clear that, as between the parties to this suit, the respondents are entitled to the devise made to them fully exonerated from said mortgage.

We think the second question should also be answered in the affirmative.   Upon the death of Ellen Murphy, the respondents became seized absolutely of the estate devised to them under the will of Bernard Murphy, and, hence, entitled to the rents and profits thereof; that is, to one-fourth part of the rents and profits of the said Gesler street estate.   And this being so, it is equitable that they should share proportionately with the other tenants in common of the estate, namely, the devisees thereof under the will of Ellen Murphy, in the expense of taking care of the same.   It is also equitable that the respondents should share proportionately in the expense attending the sale of the property by the executor. The sale took the place of the ordinary proceedings for partition, and was doubtless a much less expensive method of dividing the estate amongst the owners, who, by virtue of the will of Ellen, had become quite numerous.   As the respondents shared in the benefits of said sale, they should also share in the expenses thereof.

*F. P. Owen,* for complainant.

*John J. Dockry,* for respondents.